IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02802-REB-MEH

JEREMY C. MYERS,
GREAT WESTERN SALVAGE LTD.,

    Plaintiffs,

v.

BRIAN KOOPMAN, in his individual and official capacities,
LUKE HECKER, in his individual and official capacities,
DENNIS V. HARRISON, in his individual and official capacities,
JAMES A. ALDERDEN, in his individual and official capacities,
CITY OF LOVELAND,
CITY OF FORT COLLINS,
LARIMER COUNTY, by and through
LARIMER COUNTY BOARD OF COMMISSIONERS,
LARRY ABRAHAMSON, in his individual and official capacities, and
EIGHTH JUDICIAL DISTRICT OF COLORADO,

    Defendants.

---

## ORDER ON DEFENDANTS' MOTION TO STAY

---

Pending before the Court is Defendants' Revised Unopposed Joint Motion to Stay the Proceedings, Including Vacating the Scheduling Conference, Pending Determination of the Motions to Dismiss [filed January 13, 2010; docket #27]. The matter has been referred to this Court for disposition [docket #28]. For the reasons stated below, Defendants' motion is **denied**.

**I.    Background**

Plaintiffs instituted this action on December 1, 2009. In essence, Plaintiffs allege that Defendants obtained an invalid search warrant, used excessive force to enter their premises, and unlawfully and maliciously prosecuted them when Defendants attempted to "rid the community of a large-scale methamphetamine production facility." *See* Complaint, docket #1, at 6-8. On January

7, 2010, the City of Loveland Defendants and the Larimer County Defendants each responded to the Complaint by filing Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  *See* dockets #14 and #16.  On the same day, the City of Fort Collins Defendants filed a joinder in the City of Loveland Defendants' Motion to Dismiss.  Docket #17.  On January 8, 2010, the parties filed the original Unopposed Joint Motion to Stay the Proceedings, which the Court denied without prejudice for insufficient cause and legal support.  Docket #25.  Defendants then filed the within revised Unopposed Joint Motion to Stay Proceedings, alleging that because the "motions to dismiss, if granted, are dispositive of this case ... a stay will prevent the parties from expending significant time and money on unnecessary discovery."  *See* docket #27 at ¶ 6.

## II.     Discussion

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court.  *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).  Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  Here, Defendants seek protection from the burden of discovery at this stage in the case.

Despite the parties' agreement to stay the case indefinitely pending a decision on the motions to dismiss, a stay of all discovery is generally disfavored in this District.  *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02519-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).  In evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955

at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980). Here, the *String Cheese* factors weigh against the imposition of an indefinite stay of proceedings.

First, although the Plaintiffs neither oppose the motion nor articulate an interest in proceeding expeditiously, staying the case while Defendants' motions to dismiss are pending could substantially delay the ultimate resolution of the matter,[1] with adverse consequences such as a decrease in evidentiary quality and witness availability. On the other hand, the Defendants do not articulate any undue burden in proceeding with the case. In fact, defendants always are burdened when they are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs. *See Chavez,* 2007 WL 683973, at *2. Although Defendants have filed motions that may dispose of the Plaintiffs' case, the motions are not primarily based on grounds typically warranting a stay, such as questions of the Court's jurisdiction or immunity. Here, there is no evidence of a special burden on the Defendants.

The remaining *String Cheese* factors (*i.e.*, the Court's convenience and interests of nonparties and the public in general) do not prompt a different result. *See String Cheese,* 2006 WL 894955, at *2. With respect to judicial efficiency in this Court, generally, it is the policy in this district not to stay discovery pending a ruling on motions to dismiss. *See Ruampant v. Moynihan,* 2006 U.S. Dist. LEXIS 57304, *4-5 (D. Colo. Aug. 14, 2006). This is particularly true in cases like this one, pending before Judge Blackburn, who instructs the parties that motions having the effect of delaying proceedings are "strongly discouraged because of the adverse effects they have on case

---

[1] Defendants' supposition that "staying the proceedings until the motions are determined will only add two to three months to the pendency of this case" is optimistic at best, considering the heavy workload currently burdening a short-staffed judiciary in this Court.

management." REB Practice Stds., II.F. and II.G. Consequently, the general interests of controlling the court's docket and the fair and speedy administration of justice require that the Motion to Stay Proceedings be denied.

### III.    Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Revised Unopposed Joint Motion to Stay the Proceedings, Including Vacating the Scheduling Conference, Pending Determination of the Motions to Dismiss [filed January 13, 2010; docket #27] is **denied**.

Dated at Denver, Colorado, this 19th day of January, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge