IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02802-REB-MEH

JEREMY C. MYERS,
GREAT WESTERN SALVAGE LTD.,

    Plaintiffs,

v.

BRIAN KOOPMAN, in his individual and official capacities,
LUKE HECKER, in his individual and official capacities,
DENNIS V. HARRISON, in his individual and official capacities,
JAMES A. ALDERDEN, in his individual and official capacities,
CITY OF LOVELAND,
CITY OF FORT COLLINS,
LARIMER COUNTY, by and through
LARIMER COUNTY BOARD OF COMMISSIONERS,
LARRY ABRAHAMSON, in his individual and official capacities, and
EIGHTH JUDICIAL DISTRICT OF COLORADO,

    Defendants.

**ORDER**

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court are the Loveland Defendants' Motion to Seal [filed March 9, 2010; docket #48] and the Loveland Defendants' Motion for Leave to Supplement and/or Amend Motion to Seal [filed March 12, 2010; docket #50]. The motions are referred to this Court for disposition. (Dockets #49 and #51.) The matters are fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motions.

Plaintiffs instituted this action on December 1, 2009. The case arises from an incident that occurred on Plaintiffs' property in Loveland, Colorado, on September 6, 2007. (Docket #1 at 3.)

According to Plaintiffs, who bring this action pursuant to 42 U.S.C. § 1983, the Defendants obtained an invalid search warrant, used excessive force to enter their premises, and unlawfully and maliciously prosecuted them when Defendants attempted to "rid the community of a large-scale methamphetamine production facility." *See id.* at 6-8.

The Loveland Defendants bring the present motions seeking protection from initial disclosure information that may reveal the identities of two confidential informants (CIs),[1] who gave information to Defendant Koopman on which the challenged search warrant was executed. (*See* dockets #48 and #50.) Defendants claim that the information is confidential based on the "official information" privilege. Defendants rely on the opinion in *Everitt v. Brezzel*, 750 F. Supp. 1063, 1067 (D. Colo 1990), in which the court evaluated whether confidential police information should be disclosed in a Section 1983 case, and found that the information should be disclosed for "attorneys' eyes only" under the governing protective order in that case.

Plaintiffs counter that Defendants mis-titled the motion seeking the incorrect relief ("sealing" of the confidential information), arguing that the relief should be requested through a motion for protective order pursuant to Fed. R. Civ. P. 26(c). In addition, Plaintiffs contend that Defendants' reason for keeping the CIs' identities confidential - "fear of retaliation" - is baseless and insufficient to meet the requirements of Rule 26, since the charges against Plaintiff Myers were dropped two years ago and there is no evidence that retaliation is an actual possibility. Defendants reply that the "informer's privilege" or "official information privilege" prevents disclosure of information that

---

[1]The original motion seeks protection from disclosing the names of two confidential informants and the motion to supplement seeks protection from disclosing a January 13, 2010 report from Defendant Koopman to his attorney. Defendants do not argue that the report is protected by the attorney-client privilege, only that it should be protected by the "official information" and/or "informer's" privileges.

2

would identify confidential informants in this case.

First, the Court agrees with Plaintiffs that the motions actually seek the Court's temporary protection[2] from disclosure or discovery certain confidential information, rather than the "sealing" of information filed with the Court to protect the information from public access. To the extent that Defendants seek an order "sealing" information that has not been filed with the Court, the motions are **denied**. For Defendants' requests that the Court order protection from disclosure the challenged information, the motions are governed by Fed. R. Civ. P. 26.

Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Such information must be relevant but "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Here, no party disputes that the confidential informants' identities are relevant to the matter; rather, the only question before the Court is whether the identities are "privileged."

In federal courts, federal common law governs the existence of privilege, unless state law supplies the rule of decision as to an element of the claim or defense. Fed. R. Evid. 501. Because this case involves claims brought pursuant to 42 U.S.C. § 1983, "federal law provides the governing substantive law." *Everitt v. Brezzel*, 750 F. Supp. 1063, 1066 (D. Colo. 1990). Thus, the federal common law of privilege governs in this matter. *See* Fed. R. Evid. 501 committee note ("In nondiversity jurisdiction civil cases, federal privilege law will generally apply.").

First, Defendants assert the "official information" privilege precludes disclosure of the CIs'

---

[2]Defendants' requests are for protection "pending ruling by the court on defendants' motions to dismiss, and subject to further order of the court." Docket #48 at 4.

identities. (Docket #48 at 3-4 (citing *Everett*, 750 F. Supp. at 1066-67).) In *Everitt*, the court described the federal "official information" privilege as "the government's privilege to prevent the disclosure of information whose disclosure would be contrary to the public interest." 750 F. Supp. at 1066 (quoting *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 342 (E.D. Pa. 1973)). *But see Crawford v. Dominic*, 469 F. Supp. 260 (E.D. Pa. 1979) (recognizing *Frankenhauser* relied on Fed. R. Evid. 509 which has since been repealed and declining to follow *Frankenhauser*'s implication of a blanket rule exempting supervisory evaluations). The *Everitt* Court accepted and utilized the general balancing approach of determining official information privilege as stated in *Frankenhauser*. *Id*. at 1066-67. The *Frankenhauser* Court articulated ten considerations to evaluate when deciding whether to apply privilege to police investigation files:

> In the context of discovery of police investigation files in a civil rights case, however, at least the following considerations should be examined: (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.

*Frankenhauser*, 59 F.R.D. at 342.

In addition, Defendants argue that the CIs' identities are protected by the "informer's privilege." (Docket #53 at 5.) According to the Tenth Circuit, the informer's privilege provides that "the state is normally entitled to refuse to disclose the identity of a person who has furnished

4

information relating to an investigation of a possible violation of law." *In re Matter of Search of 1638 E. 2nd Street, Tulsa*, 993 F.2d 773, 774 (10th Cir. 1993) (quoting *Hoffman v. Reali*, 973 F.2d 980, 987 (1st Cir. 1992)). The privilege is applicable in both criminal and civil cases. *Id.* (finding that a criminal suspect, who sought the identities of confidential informants likely to bring civil actions against them, was prevented from discovering the confidential information).

Neither privilege is absolute; "if the party seeking disclosure makes a proper showing of need, the privilege will give way." *Id.*; *see also Frankenhaus*, 59 F.R.D. at 342. However, the informer's privilege in civil cases is arguably "stronger" because the constitutional guarantees assured to criminal defendants are not applicable. *See Search of 1638 E. 2nd Street*, 993 F.2d at 775.

Here, Plaintiffs contend that because Defendants "relied extensively" upon information supplied by the confidential informants to conduct the search, "[t]he identity of the alleged informants is essential to Plaintiffs' ability to present their case, conduct necessary discovery, and comply with the Court's Scheduling Order." (Docket #52 at 7.) They go on to cite "defenses" the Defendants will "need to prove" in this case as well as the "strengths" of their own case provided by expert reports. (*Id.* at 7-8.)

However, the Plaintiffs do not explain how knowing the names of the CIs (as opposed to the information supplied by the CIs) will assist them with their claims for unreasonable search and seizure, excessive force, malicious prosecution and failure to train/supervise, or how such information might change the outcome of the case. *See Elnashar v. Speedway SuperAmerica, LLC*, 484 F.3d 1046, 1053 (8th Cir. 2007) ("an individual seeking disclosure has a need for the informant's identity where it would be material to his case; that is, there must be a reasonable probability that the evidence would change the outcome").

On their side, the Defendants claim that the confidential informants "wish to remain confidential for fear of retaliation." (Docket #48 at 3.) Plaintiffs counter that there is no basis for any fear and no evidence of an actual possibility of retaliation since the charges were dropped two years ago. (Docket #52 at 5-6.) However, the government is entitled to assert the informer's privilege without showing that reprisal or retaliation is likely. *Search of 1638 E. 2nd Street*, 993 F.2d at 774; *see also Elnashar*, 484 F.3d at 1053 ("The government has a strong interest in maintaining the confidentiality of informants' identities to encourage individuals to provide information to law enforcement without fear of reprisal.").

Consequently, the Court finds that the Loveland Defendants' interest in protecting the confidentiality of its informants' identities pending a ruling on the motions to dismiss outweighs the Plaintiffs' unspecified interest in knowing the names of the confidential informants and, therefore, **grants** Defendants' motions.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the Loveland Defendants' Motion to Seal [filed March 9, 2010; docket #48] and the Loveland Defendants' Motion for Leave to Supplement and/or Amend Motion to Seal [filed March 12, 2010; docket #50] as set forth herein. In their initial disclosures, Defendants shall redact or withhold only that information which would reveal the identities of the confidential informants who supplied information on which the challenged search was conducted, but shall disclose all other relevant information in accordance with Fed. R. Civ. P. 26(a). In addition, Defendants shall prepare and provide a privilege log for all redacted information based upon asserted privileges. Following a ruling denying (in whole or in part) the motions to dismiss, the Court will entertain a motion seeking disclosure of the confidential information.

IT IS SO ORDERED.

Dated at Denver, Colorado, this 12th day of April, 2010.

                                        BY THE COURT:

                                        Michael E. Hegarty
                                        United States Magistrate Judge