IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02802-REB-MEH

JEREMY C. MYERS,
GREAT WESTERN SALVAGE LTD.,

      Plaintiffs,

v.

BRIAN KOOPMAN, in his individual and official capacities,
LUKE HECKER, in his individual and official capacities,
DENNIS V. HARRISON, in his individual and official capacities,
JAMES A. ALDERDEN, in his individual and official capacities,
CITY OF LOVELAND,
CITY OF FORT COLLINS,
LARIMER COUNTY, by and through
LARIMER COUNTY BOARD OF COMMISSIONERS,
LARRY ABRAHAMSON, in his individual and official capacities, and
EIGHTH JUDICIAL DISTRICT OF COLORADO,

      Defendants.

---

## ORDER GRANTING MOTION TO STAY

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is an Unopposed Motion to Stay Discovery Pending Ruling on

Their Motion for Summary Judgement Based upon Qualified Immunity filed by Defendants

Koopman and Hecker [docket #58].  The motion has been referred to this Court for disposition

[docket #59].  Oral argument would not materially assist the Court in adjudicating this motion.  For

the reasons stated below, Defendants' Motion to Stay is **granted**.

**I.      Background**

Plaintiffs instituted this action on December 1, 2009.  In essence, Plaintiffs allege that

Defendants obtained an invalid search warrant, used excessive force to enter their premises, and

unlawfully and maliciously prosecuted them when Defendants attempted to "rid the community of a large-scale methamphetamine production facility." *See* Complaint, docket #1, at 6-8. On January 7, 2010, the City of Loveland Defendants and the Larimer County Defendants each responded to the Complaint by filing Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* dockets #14 and #16. On the same day, the City of Fort Collins Defendants filed a joinder in the City of Loveland Defendants' Motion to Dismiss. Docket #17. Discovery has proceeded since that time; Defendants Koopman and Hecker (Loveland Defendants) then filed a Motion for Summary Judgment Based Upon Qualified Immunity on April 29, 2010 [docket #56]. Simultaneously with that motion, Defendants filed the within unopposed Motion to Stay, asserting that, "[u]ntil the threshold issue [of qualified immunity] is resolved, 'discovery should not be allowed.'" *See* docket #58 at ¶ 2.

## II.    Discussion

The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'" *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton,* 523 U.S. 574, 598 (1998). Consequently, courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation. *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995); *see also Medina v. Cram,* 252 F.3d 1124, 1127-28 (10th Cir. 2001).

In this case, Defendants have filed a motion for summary judgment as to the claims raised in Plaintiffs' Complaint alleging, among other defenses, that the individual Defendants enjoy qualified immunity from the Plaintiffs' claims. The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones,* 520 U.S. 681, 706-07

(1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)).  Because Defendants'

Motion for Summary Judgment raises a legal question of this Court's jurisdiction over the subject

matter of the dispute, the question should be resolved as early as possible in the litigation.  *See*

*Albright,* 51 F.3d at 1534.  Moreover, the Court finds that allowing discovery to continue in this

matter against the government defendants would not serve the interests of judicial economy and

efficiency.  Consequently,  the Court will grant a temporary stay of the proceedings in this matter

pending the disposition of the Motion for Summary Judgment.

**III.    Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Unopposed Motion

to Stay Discovery Pending Ruling on Their Motion for Summary Judgement Based upon Qualified

Immunity filed by Defendants Koopman and Hecker [filed April 29, 2010; docket #58] is **granted**.

The proceedings of this case are hereby stayed as to Defendants Koopman and Hecker pending the

District Court's ruling on Defendants' Motion for Summary Judgment.  The parties are directed to

submit a status report within five days of the entry of any order adjudicating the pending Motion for

Summary Judgment.

Dated at Denver, Colorado, this 3rd day of May, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge