IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 09-cv-02802-REB-MEH

JEREMY C. MYERS, and
GREAT WESTERN SALVAGE LTD.

  Plaintiffs,

v.

BRIAN KOOPMAN, Detective in the Loveland, Colorado Police department, in his
  official and individual capacity;
LUKE HECKER, Chief of Loveland Police Department, in his official and individual
capacity;
DENNIS V. HARRISON, Chief of the Fort Collins Police Department, in his official and
  individual capacity;
JAMES A. ALDERDEN, Sheriff of Larimer County, Colorado, in his official and individual
  capacity;
CITY OF LOVELAND, Colorado, a municipality;
CITY OF FORT COLLINS, Colorado, a municipality;
LARIMER COUNTY, a County, by and through the
LARIMER COUNTY BOARD OF COUNTY COMMISSIONERS;
LARRY ABRAHAMSON, District Attorney of the Eighth Judicial District in his official
  capacity; and
EIGHTH JUDICIAL DISTRICT OF COLORADO, a political subdivision of the State of
  Colorado,

  Defendants.

## ORDER CONCERNING DEFENDANTS' MOTIONS TO DISMISS

**Blackburn, J.**

  This matter is before me on the following: (1) **Motion To Dismiss Claims Against Defendants Brian Koopman, Luke Hecker and city of Loveland** [#14][1] filed January 7, 2010; and (2) **Rule 12(b)(6) Motion To Dismiss All Claims Against James**

---

[1] "[#14]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

**A. Alderden in his Offical and Individual Capacity, Larimer County, Larimer County Board of County Commissioners, Larry Abrahmson in his Official Capacity, and the Eighth Judicial District** [#16] filed January 7, 2010. The plaintiff filed responses [#34 & #36], and the relevant defendants filed replies [#45 & #46]. I grant the motions in part and I deny them in part.

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question).

## II. STANDARD OF REVIEW

Both of the motions to dismiss seek dismissal of claims and defendants under FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." **Id.** (emphases in original).[2] Nevertheless,

---

[2] **Twombly** rejected and supplanted the "no set of facts" language of **Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Tenth Circuit has clarified the meaning of the "plausibility" standard:

the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." ***Dias v. City and County of Denver***, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting ***Twombly***, 550 U.S. at 556) (internal quotation marks omitted)).

In their responses to the motions to dismiss, the plaintiff's argue that the standards stated in ***Twombly*** and its progeny are not applicable to this case. I disagree. The pleading standards stated in ***Twombly*** and its progeny are applicable to all civil cases in federal court, except when a higher pleading standard is mandated by statute, rule, or specialized case law. Notably, in ***Robbins v. Oklahoma***, 519 F.3d 1242 (10th Cir. 2008), the United States Court of Appeals for the Tenth Circuit applied the ***Twombly*** standard to claims under 42 U.S.C. § 1983.

## IV. PLAINTIFF'S ALLEGATIONS

In their complaint [#1], the plaintiffs, Jeremy C. Myers and Great Western Salvage Ltd., assert five claims under 42 U.S.C. § 1983 for alleged violations of their constitutional rights by the defendants. In summary, the plaintiffs allege that in early

---

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

***Robbins v. Oklahoma***, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting ***Twombly***, 127 S.Ct. at 1974; internal citations and footnote omitted).

September, 2007, certain of the defendants obtained a search warrant for Myers' residence. The plaintiffs allege that defendant Brian Koopman, a detective with the Police Department of Loveland, Colorado, "intentionally and/or recklessly made false and misleading statements" in the affidavit he executed in support of his request for a no-knock search warrant for Myers' property. *Complaint* [#1], ¶¶ 23 - 25. The plaintiffs allege that on September 6, 2007, using the authority granted to them in the no-knock search warrant, certain of the defendants conducted a no knock search of Myers' residence and of a building located near to Myer's residence. The plaintiff refers to the building near to Myers' residence as the White Building. The plaintiffs allege that they did not own or occupy the White Building and did not have access to that building. The defendants who conducted the search found a jar of white substance in the White Building, which they removed from the building. Initially, the defendants claimed that the jar contained an unlawful controlled substance. Based on this search, certain of the defendants obtained an arrest warrant for Myers. Myers surrendered and was arrested on September 7, 2007. Myers was charged with certain drug crimes. Ultimately, tests on the items seized during the search demonstrated that no unlawful controlled substances were found during the search. The criminal charges against Myers were dismissed on November 15, 2007.

Based on these allegations, and others, the plaintiffs assert five claims for relief in their complaint. The plaintiffs' first claim is a Fourth Amendment claim for unreasonable search and seizure, asserted against all defendants except Abrahamson. The second claim, asserted by plaintiff Myers only, is a claim for malicious prosecution asserted under the Fourth and Fourteenth Amendments, asserted against all defendants. The plaintiffs' third claim is a claim for use of excessive force in conducting

4

the search, asserted against all defendants except Abrahamson. The plaintiffs' fourth claim is a claim for failure to train or supervise the other defendants, which failures allegedly caused the constitutional violations alleged in the complaint. The fourth claim is asserted against the cities of Loveland and Fort Collins, Colorado, the chiefs of the Loveland and Fort Collins police departments, Larimer County, the Larimer County Sheriff, and the District Attorney for the Eighth Judicial District of Colorado, Larry Abrahamson. The plaintiffs' fifth claim is a claim for conspiracy to violate the plaintiffs' civil rights asserted, I presume, under 42 U.S.C. § 1985. The plaintiffs assert this claim against all defendants.

The two motions to dismiss now before the court were filed by several, but not all, of the defendants named in the complaint. For purposes of this order, I will refer to the defendants who filed the two motions to dismiss as the defendants.

## V. STATUTE OF LIMITATIONS

The search that is the basis for most of the plaintiffs' claims took place on September 6, 2007, and Myers was arrested, as a result of the search, on September 7, 2007. The complaint in this case, first filed in state court, was filed in the state court on November 5, 2009. The defendants who filed the two motions to dismiss now before the court argue that many of the plaintiffs' claims are time barred because the plaintiffs' complaint first was filed more than two years after those claims accrued. The plaintiffs argue that none of their claims accrued until after the criminal charges against Myers were dismissed on November 15, 2007, and, with that accrual date, the complaint first was filed within the two year period of limitations.

The parties agree, correctly, that a two year statute of limitations is applicable to the plaintiffs' § 1983 claims. Claims under section 1983 are governed by the forum

5

state's statute of limitations for personal injury actions. ***Wilson v. Garcia***, 471 U.S. 261, 280 (1985); ***Blake v. Dickason***, 997 F.2d 749, 750 (10th Cir. 1993). When, as in Colorado, state law provides multiple statutes of limitations for personal injury actions, the general or residual statute is applicable. ***Wilson***, 471 U.S. at 280; ***Blake***, 997 F.2d at 750. The residual statute in Colorado provides a two-year statute of limitations. §13-80-102(1)(j), C.R.S.

A motion to dismiss under FED. R. CIV. P. 12(b)(6) is an appropriate means to challenge a complaint that, on its face, indicates the existence of an affirmative defense, such as noncompliance with the applicable period of limitations. ***Bllington v. United Air Lines, Inc.***, 186 F.3d 1301, 1311 n. 3 (10th Cir. 1999), **overruled on otr. Grounds sub nom. by Boyler v. Cordant Techs., Inc.**, 316 F.3d 1137, 1140 (10th Cir 2003). When the dates given in a complaint make it clear that the claims asserted have been extinguished, the plaintiff has the burden to establish a factual basis for tolling the statute of limitations. ***Aldrich v. McCullough Props.***, 627 F.2d 1036, 1041 (10th Cir. 1980). Alternatively, the plaintiff can establish that the claims accrued at a time that demonstrates that the complaint was filed timely.

In this case, the plaintiffs' claims based on the conduct of the September 6, 2007, search and Myers' September 7, 2007, arrest, accrued on the dates those events occurred.

> Section 1983 claims accrue, for the purpose of the statute of limitations, "'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" ***Singleton v. City of New York***, 632 F.2d 185, 191 (2d Cir.1980), **cert. denied**, 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981), (quoting ***Bireline v. Seagondollar,*** 567 F.2d 260, 263 (4th Cir.1977), **cert. denied** 444 U.S. 842, 100 S.Ct. 83, 62 L.Ed.2d 54 (1979)). Claims alleging denial of a fair trial are presumed to have accrued at the time the trial concludes. ***See, e.g., Martin v. Merola***, 532 F.2d 191, 195 n. 7 (2d Cir.1976). Claims arising out of police actions toward a

6

> criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur. *See, e.g., Singleton*, 632 F.2d at 191; *McCune v. City of Grand Rapids*, 842 F.2d 903, 906 (6th Cir.1988).

*Johnson v. Johnson County Com'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).

The plaintiffs argue that the claims based on the September 6, 2007, search and Myers' September 7, 2007, arrest did not accrue until after the related criminal charges against Myers were dismissed on November 15, 2007. In support of this argument, the plaintiffs cite *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that

> in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. at 486-87. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487.

In *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553 (10th Cir. 1999), the court examined a situation similar to this case. The *Beck* court noted the holding in *Johnson* that

> (c)laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur.'" *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir.1991).

*Beck*, 195 F.3d at 558. "*Heck* does not affect the time these claims arose because

7

ultimate success on them would not necessarily question the validity of a conviction" or sentence. *Beck*, 195 F.3d at 558.

The *Beck* analysis is applicable in this case. The plaintiffs' Fourth Amendment claim for unlawful search and seizure, their first claim, and their Fourth Amendment claim for use of excessive force during the search, their third claim, both accrued on September 6, 2007, the date on which the plaintiff's knew or had reason to know of the constitutional injuries allegedly inflicted by the conduct of the search. The plaintiffs' complaint was filed more than two years after September 6, 2007. Assuming the relevant facts alleged in the complaint to be true, these claims are time barred.

To a large extent, the plaintiffs' failure to train and failure to supervise claim, their fourth claim, and their conspiracy claim, their fifth claim, are based on their search and seizure and excessive force claims. The defendants argue that, to the extent the fourth and fifth claims are based on the first and third claims, the fourth and fifth claims also are time barred. I disagree. The allegations in the complaint do not indicate conclusively when the plaintiffs became aware of the alleged failures to train and supervise and the alleged conspiracy. Given further allegations or further facts, it is conceivable that these claims are time barred. Applying the standards of FED. R. CIV. P. 12(b)(6) on the current record, however, I cannot conclude that the fourth and fifth claims are time barred.

## VI. ADEQUACY OF PLEADING

### A. Malicious Prosecution

The defendants argue that plaintiff Myers' allegations in support of his malicious prosecution claim, his second claim, do not contain "enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d

8

1174, 1177 (10th Cir. 2007) (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570 (2007)).  I agree.

The United States Court of Appeals for the Tenth Circuit has adopted the common law elements of malicious prosecution for malicious prosecution claims under § 1983.  Those elements are:

> (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) there was no probable cause to support the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages.

**Novitsky v. City Of Aurora**, 491 F.3d 1244, 1258 (10th Cir. 2007).  With regard to the defendants whose motions to dismiss are at issue, Myers' allegations on the key element of malice are general and conclusory.

> Defendants recklessly, knowingly, intentionally, willfully, wantonly, and with deliberate indifference pursued a malicious prosecution against Mr. Myers, acting without knowledge that there was any substantial probability that Mr. Myers had committed any criminal activity.

*Complaint* [#1], ¶ 64.  None of the other allegations in the complaint provide more factual specificity on the key element of malice.  Myers does not allege specific facts about who, what, where, and when that establish a plausible claim that specific defendants who now seek dismissal of this claim acted with malice.  Rather, Myers lumps these defendants together as a generalized group, alleges that the group acted with malice, but cites no factual details in support of this conclusory contention.

"(T)he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." **Iqubal**, ___ U.S. ___, ___, 129 S.Ct. at 1949.  When "the well-pleaded facts do not permit the court

9

to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2). " *Id*. ___ U.S. at ___, 129 S.Ct at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Myers' allegations of malice against the defendants who seek dismissal of Myers' malicious prosecution claim under § 12(b)(6) constitute legal conclusions that are not supported by factual allegations that are sufficiently specific.

B.  Failure To Train, Failure To Supervise, Policy and Custom, & Conspiracy Claims

The plaintiffs' allegations in support of their fourth claim, their claim based on an alleged failure to train, an alleged failure to supervise, and an alleged maintenance of unconstitutional policy or custom, suffer from the same infirmity as the plaintiffs' malicious prosecution claim.  The plaintiffs lump the defendants together as a generalized group, allege that the group maintained unconstitutional policies and customs and failed to train and supervise those under their supervision in ways that caused the alleged violation of the plaintiffs' constitutional rights.  *Complaint* [#1], ¶¶ 84 - 89.  Nowhere in the complaint do the plaintiffs cite factual details in support of these conclusory contentions.  The plaintiffs cite no specific policies, no specific training procedures, and no specifics about the supervision of other defendants.  The plaintiffs do not allege specific facts about who, what, where, and when that establish a plausible claim.

The plaintiffs' allegations in support of their conspiracy claim, their fifth claim, are essentially identical.  The plaintiffs lump the defendants together as a generalized group, allege that the group conspired to violate the plaintiffs' rights, and caused violations of the plaintiffs' rights.   *Complaint* [#1], ¶¶ 95 - 97.  Nowhere in the complaint

do the plaintiffs cite factual details in support of these conclusory contentions. The plaintiffs allegations in support of their fourth and fifth claims "do not permit the court to infer more than the mere possibility of misconduct . . . ." *Iqubal*, ___ at ___, 129 S.Ct at 1950. The plaintiffs' generalized conclusions are not supported by sufficient factual allegations. *Id*.

The plaintiffs argue that they should be given an opportunity to amend their complaint if I conclude that the allegations in their complaint are inadequate. In general, I agree. However, I note that all of the defendants have filed motions for summary judgment that are at issue. Some of the defendants claim in the motions for summary judgment the protection of qualified immunity. I will resolve each of those motions as soon as practicable. I conclude that it would be most efficient to resolve the motions for summary judgment before determining whether the plaintiffs should be granted an opportunity to amend their complaint in an attempt to cure the flaws discussed in this order. Therefore, as to the defendants motions to dismiss the plaintiffs' second, fourth, and fifth claims, I deny the motions without prejudice. If any of these claims remain viable after the motions for summary judgment are resolved, I will grant the motions to dismiss as to these three claims and I will grant the plaintiff an opportunity to re-plead.

## VII. OFFICIAL CAPACITY CLAIMS - KOOPMAN & HECKER

The plaintiffs name defendants Brian Koopman and Luke Hecker as defendants in both their individual and official capacities. Koopman is a detective with the Loveland, Colorado, police department. Hecker is the Chief of Police of the Loveland, Colorado, police department. The defendants argue that the official capacity claims against these defendants must be dismissed. I agree.

A suit against an individual officer of a government agency in his or her official

11

capacity is really "'only another way of pleading an action against an entity of which an officer is an agent.'" ***Kentucky v. Graham***, 473 U.S. 159, 166 (1985) (quoting ***Monell v. New York City Dept. of Social Services***, 436 U.S. 658, 690, n. 55 (1978)). "(A)n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." ***Graham***, 473 U.S. at 166 (citing ***Brandon v. Holt***, 469 U.S. 464, 471-472 (1985)). "(A) plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." ***Id***.

The plaintiffs in this case seek only damages and an award of attorney fees as relief. *Complaint* [#1], pp. 29 - 30. The plaintiffs have named as a defendant the entity for which Koopman and Hecker are agents, the City of Loveland. Under these circumstances, dismissal of the official capacity claims against Koopman and Hecker is warranted as a matter of judicial economy and efficiency.

## VIII. CONCLUSION & ORDERS

The plaintiffs' first and third claims, as alleged in their complaint [#1] are barred by the applicable statute of limitations. The defendants' motions to dismiss [#14 & #16] are granted as to the plaintiffs' first and third claims, and these claims are dismissed with prejudice as to the defendants whose motions to dismiss [#14 & #16] are at issue. The defendants motions to dismiss [#14 & #16] the plaintiffs' second, fourth, and fifth claims are denied without prejudice. If any of these claims remain viable after the motions for summary judgment are resolved, I will grant the motions to dismiss as to these three claims and I will grant the plaintiff an opportunity to re-plead.

**THEREFORE, IT IS ORDERED** as follows:

1. That under FED. R. CIV. P. 12(b)(6), the **Motion To Dismiss Claims Against Defendants Brian Koopman, Luke Hecker and city of Loveland** [#14] filed January 7, 2010, is **GRANTED** as to the plaintiffs' first and third claims, as alleged in the complaint [#1], because those claims are time barred;

2. That under FED. R. CIV. P. 12(b)(6), the **Motion To Dismiss Claims Against Defendants Brian Koopman, Luke Hecker and city of Loveland** [#14] filed January 7, 2010, is **GRANTED** as to the plaintiffs' claims against defendants Brian Koopman and Luke Hecker in their official capacities;

3. That under FED. R. CIV. P. 12(b)(6), the **Rule 12(b)(6) Motion To Dismiss All Claims Against James A. Alderden in his Offical and Individual Capacity, Larimer County, Larimer County Board of County Commissioners, Larry Abrahmson in his Official Capacity, and the Eighth Judicial District** [#16] filed January 7, 2010, is **GRANTED** as to the plaintiffs' first and third claims, as alleged in the complaint [#1], because those claims are time barred;

4. That the plaintiff's first and third claims, as alleged in the complaint [#1], against defendants Brian Koopman, Luke Hecker, the City of Loveland, James A. Alderden, Larimer County, Larimer County Board of County Commissioners, Larry Abrhamson, and the Eight Judicial District, are **DISMISSED WITH PREJUDICE**;

4. That otherwise, the **Motion To Dismiss Claims Against Defendants Brian Koopman, Luke Hecker and city of Loveland** [#14] filed January 7, 2010, is **DENIED WITHOUT PREJUDICE** pending resolution of the pending motions for summary judgment; and

5.  That otherwise, the **Rule 12(b)(6) Motion To Dismiss All Claims Against James A. Alderden in his Offical and Individual Capacity, Larimer County, Larimer County Board of County Commissioners, Larry Abrahmson in his Official Capacity, and the Eighth Judicial District** [#16] filed January 7, 2010, is **DENIED WITHOUT PREJUDICE** pending resolution of the pending motions for summary judgment.

Dated September 27, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge