IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02802-REB-MEH

JEREMY C. MYERS,
GREAT WESTERN SALVAGE LTD.,

    Plaintiffs,

v.

BRIAN KOOPMAN, in his individual and official capacities,
LUKE HECKER, in his individual and official capacities,
DENNIS V. HARRISON, in his individual and official capacities,
JAMES A. ALDERDEN, in his individual and official capacities,
CITY OF LOVELAND,
CITY OF FORT COLLINS,
LARIMER COUNTY, by and through
LARIMER COUNTY BOARD OF COMMISSIONERS,
LARRY ABRAHAMSON, in his individual and official capacities, and
EIGHTH JUDICIAL DISTRICT OF COLORADO,

    Defendants.

---

## RECOMMENDATION TO VACATE TRIAL DATE

---

**Michael E. Hegarty, United States Magistrate Judge.**

    The parties appeared for a final pretrial conference this morning in this matter; however, the Court was unable to enter a Final Pretrial Order because no discovery has taken place concerning the Loveland (City of Loveland, Koopman and Hecker) and Fort Collins (City of Fort Collins and Harrison) Defendants.

    On April 29, 2010, the Loveland Defendants filed a motion for summary judgment based upon qualified immunity. Docket #56. On May 3, 2010, this Court granted Defendants Koopman's and Hecker's unopposed motion to stay discovery pending a ruling on the qualified immunity issue. Docket #61. Thereafter, the Court granted Defendant City of Loveland's unopposed motion to stay

discovery. Docket #67.

On June 11, 2010, the Fort Collins Defendants filed a motion for summary judgment based in part on an assertion of qualified immunity. Docket #74. On June 14, 2010, this Court granted the defendants' unopposed motion to stay discovery pending a ruling on the qualified immunity issue. Docket #78.

Discovery concerning the County Defendants proceeded.

On June 16, 2010, the parties filed a Stipulated Motion to Vacate Trial Date Pending Determination of Entitlement to Qualified Immunity. Docket #79. The motion remains pending.

Because discovery has not taken place concerning a majority of the parties, the Court respectfully RECOMMENDS[1] that the District Court grant the pending motion to vacate and reset the current trial date to a date convenient on Judge Blackburn's calendar, to allow the parties the opportunity to conduct discovery before trial.

Dated at Denver, Colorado, this 29th day of October, 2010.

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge