IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02802-REB-MEH

JEREMY C. MYERS,

    Plaintiff,

v.

BRIAN KOOPMAN, in his individual capacity,

    Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendant's Motion for Stay [filed June 29, 2011; docket #143]. The matter has been referred to this Court for disposition [docket #144]. However, a grant of the motion would affect the trial dates scheduled by Judge Blackburn in this case; therefore, the Court will issue a recommendation in this matter. The motion is fully briefed and oral argument will not assist the Court in its adjudication of the motion. For the reasons that follow, this Court respectfully recommends that Defendant's motion be **granted**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

**I.    Background**

The facts of this case have been set forth in previous orders and, thus, need not be repeated here. On February 11, 2011, Judge Blackburn ruled on four motions for summary judgment filed by the various Defendants, dismissing several claims with prejudice but permitting the Plaintiff to amend his complaint concerning certain other claims. *See* docket #126. In response, Plaintiff filed an Amended Complaint on March 2, 2011, bringing claims for "malicious prosecution" against Defendants Koopman and the City of Loveland. Docket #127. The Defendants filed a motion to dismiss on March 11, 2011, arguing in part that the claim against the City was insufficiently pled and that Koopman was entitled to absolute prosecutorial immunity. *See* docket #128. On June 17, 2011, Judge Blackburn granted in part and denied in part the Defendants' motion by dismissing the City as a Defendant, but allowing the action to proceed against Koopman by denying (among other defenses ) his request for absolute immunity. Docket #140. In addition, Judge Blackburn lifted the stay of discovery in this case. *Id.*

Consequently, this Court held a status conference on June 29, 2011, at which the Court established a discovery schedule contingent upon Judge Blackburn's decision regarding this Court's recommendation that the current trial preparation conference and trial dates be vacated and rescheduled. *See* dockets #142 and #145. Meanwhile, the remaining Defendant, Koopman, filed the present motion to stay proceedings pending his interlocutory appeal of Judge Blackburn's decision denying him absolute immunity. According to Koopman, Tenth Circuit precedent requires that this Court stay all proceedings pending the appeal. Myers objects, arguing that the Tenth Circuit's requirement does not extend to a stay of discovery. The Court agrees with Koopman.

**II.     Discussion**

A district court is automatically divested of jurisdiction by an interlocutory appeal from the court's denial of qualified immunity where the court does not certify the appeal as frivolous or forfeited. *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1161 (10th Cir. 2005) (citing *Stewart v. Donges*, 915 F.2d 572 (10th Cir. 1990)). "When an interlocutory appeal is taken, the district court only retains jurisdiction to proceed with *matters not involved in that appeal*." *Stewart*, 915 F.2d at 576 (quoting *Garcia v. Burlington Norther R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987)) (emphasis in original). "Therefore, in such cases the divestiture of jurisdiction brought about by the defendant's filing of a notice of appeal is virtually complete, leaving the district court with jurisdiction only over peripheral matters unrelated to the disputed right not to have [to] defend the prosecution or action at trial." *Id.*

Myers objects that *Stewart* does not extend to stay discovery in this case pending resolution of an interlocutory appeal. Response at 2, docket #154 ("[c]learly, defendant's appeal has nothing to do with discovery and, hence, is not within the purview of *Donges*.") However, the Tenth Circuit specifically holds that "... an interlocutory appeal from an order refusing to dismiss on ... qualified immunity grounds relates to the entire action and, therefore, it divests the district court of jurisdiction to proceed with *any part of the action* against an appealing defendant." *Stewart*, 915 F.2d at 576 (emphasis added). In so holding, the *Stewart* court cites *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) for the proposition that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Id.*; *see also McCormick v. City of Lawrence, Kan.*, 218 F.R.D. 687, 693 (D. Kan. 2003) (affirmed magistrate judge's decision to deny request to lift stay of discovery pending interlocutory appeal on absolute and qualified immunity issues).

Here, Judge Blackburn has not certified Koopman's appeal as frivolous or forfeited. Moreover, Koopman is the only remaining Defendant in this case, and there is no dispute that a decision on the immunity question may resolve the entire action. Finally, the Court notes that Myers articulates no prejudice from a stay of proceedings at this stage except to restate that he requires discovery to prepare for trial. Therefore, the Court concludes that, pursuant to *Stewart* and its progeny, this Court has been divested of its jurisdiction over the issues on appeal and a stay of all proceedings in this case pending resolution of the interlocutory appeal is proper.

**III. Conclusion**

Accordingly, for the reasons stated above, the Court respectfully RECOMMENDS that Defendant's Motion for Stay [filed June 29, 2011; docket #143] be **granted** and that the District Court stay all proceedings in this case pending resolution of the interlocutory appeal.

Dated at Denver, Colorado, this 26th day of July, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge