**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-02802-REB-MEH

JEREMY C. MYERS,

    Plaintiff,

v.

BRIAN KOOPMAN, Detective in the Loveland, Colorado Police department, in his individual capacity,

    Defendant.

**ORDER DENYING PLAINTIFF'S MOTION
TO CERTIFY APPEAL AS FRIVOLOUS
AND VACATING TRIAL DATE**

**Blackburn, J.**

This matter is before me on the **Plaintiff's Motion To Certify Defendant's Appeal as Frivolous and Forfeited** [#157][1] filed August 3, 2011. The defendant field a response[#158], and the plaintiff filed a reply [#160]. I deny the motion.

In a motion to dismiss [#128], Koopman, a detective with the Loveland, Colorado police department, asserted that he is entitled to prosecutorial immunity to the extent the "plaintiff's malicious prosecution claim focuses on Koopman's role in initiating and pursuing a criminal prosecution . . . ." *Motion to dismiss* [#128], p. 13. I denied Koopman's motion to dismiss to the extent that motion was based on Koopman's claim of prosecutorial immunity. *Order* [#140], pp. 11 - 12. Koopman filed an appeal of that

---

[1] "[#157]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

ruling with the United States Court of Appeals for the Tenth Circuit.

The filing of a notice of appeal from a decision within the collateral order exception confers jurisdiction on the court of appeals and divests the district court of jurisdiction over those aspects of the case involved in the appeal. *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990). Koopman's appeal falls ostensibly within the collateral order exception. However, if the district court finds that the claim asserted on appeal is frivolous or forfeited, then the district court is not divested of jurisdiction. *Id.* at 576.

In his present motion, the plaintiff argues that the court should certify the defendant's appeal as frivolous or forfeited and deny the defendant's motion for a stay of this case pending resolution of the appeal. An appeal is frivolous "'when the result is obvious or when the appellant's argument is wholly without merit.'" *Misischia v. St. John's Mercy Health Systems*, 457 F.3d 800, 806 (8th Cir. 2006), *cert. denied* 549 U.S. 1245 (2007) (quoting *Newhouse v. McCormick & Co.*, 130 F.3d 302, 305 (8th Cir. 1997)) (applying FED. R. APP. P. 38). Stated differently, an appeal on a matter of law is frivolous when none of the legal points are arguable on their merits. *See, e.g., Anders v. California*, 386 U.S. 738, 744 (1967) (legal points arguable on the merits are not frivolous). I conclude that Koopman's claim of prosecutorial immunity is arguable on the merits and, therefore, is not frivolous.

The plaintiff's motion does not state clearly a basis for claiming that Koopman has forfeited his claim of prosecutorial immunity. Arguing that Koopman's real purpose is to delay this case, the plaintiff asserts that Koopman "should have raised his absolute immunity argument concurrent with his argument for qualified immunity." *Motion* [#157],

¶ 15.  Conceivably, this is an arguable basis for finding a forfeiture.  In the context of this case, however, I conclude that Koopman did not forfeit his claim of prosecutorial immunity when he failed to raise that claim in conjunction with his claim of qualified immunity.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Plaintiff's Motion To Certify Defendant's Appeal as Frivolous and Forfeited** [#157] filed August 3, 2011, is **DENIED**;

2.  That the Trial Preparation Conference set for September 9, 2011, at 4:00 p.m., and the trial set for September 26, 2011, are **VACATED**, pending resolution of Koopman's appeal to the Tenth Circuit court of Appeals.

Dated September 9, 2011, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge