IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02802-REB-MEH

JEREMY C. MYERS,

      Plaintiff,

v.

BRIAN KOOPMAN, in his individual capacity,

      Defendant.

---

## ORDER ON DEFENDANT'S MOTION TO STAY

---

Before the Court is Defendant's Motion to Stay Discovery Pending Ruling on Defendant's Request for Witness Immunity [filed April 10, 2012; docket #183]. The matter has been referred to this Court for disposition [docket #184]. For the reasons that follow, Defendant's motion is **denied**.

## I.    Background

The Plaintiff instituted this action on December 1, 2009, but filed an Amended Complaint on March 2, 2011 following Judge Blackburn's order resolving various motions for summary judgment filed by the present and former Defendants. *See* dockets ##126, 127. The case arises from an incident that occurred on Plaintiff's property in Loveland, Colorado, on September 6, 2007. Amended Complaint, docket #127 at 1. According to Plaintiff, who brings this action pursuant to 42 U.S.C. § 1983, the Defendant obtained an invalid search warrant, and unlawfully and maliciously prosecuted Plaintiff when Defendant attempted to "rid the community of a large-scale methamphetamine production facility." *See id.*

Defendant responded to the Amended Complaint by filing a motion to dismiss pursuant to

Fed. R. Civ. P. 12(b)(6).  On June 17, 2011, Judge Blackburn granted in part and denied in part the motion, and dismissed the Defendant City of Loveland from the case.  Docket #140.  Defendant filed a notice of appeal, and the case was stayed pending resolution of the appeal.  *See* docket #164.  The Tenth Circuit issued an order on February 14, 2012 affirming Judge Blackburn's decision.  Docket #166.  Thus, the sole remaining claim against Defendant Koopman is Plaintiff's claim for malicious prosecution.  *See* Amended Complaint, docket #127.

Defendant responded to the Amended Complaint by filing an answer and a motion for judgment on the pleadings.  Dockets ## 168, 169.  Discovery commenced; this Court then set a Status Conference to determine the status of discovery and any necessary scheduling in the case.  Docket #172.  Subsequently, Defendant filed the present motion to stay discovery pending a ruling on his request for witness immunity made in the pending dispositive motion.  Defendant asserts that he has "raised the issue of witness immunity pursuant to *Rehberg* [*v. Paulk*, -- S. Ct. --, 2012 WL 1069091 (Apr. 2, 2012)] in connection with Koopman's testimony at plaintiff's preliminary hearing in the underlying criminal case, which serves ***in part*** as the basis for plaintiff's sole malicious prosecution claim."  Docket #183 at 1-2.  He argues that, consequently, the Court should decide the question of witness immunity prior to permitting any further discovery in this case.  *Id.* at 2.  The Plaintiff does not object to the requested stay.  Docket #186.

## II.    Discussion

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court.  *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).  Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  Here, Defendant

2

seeks protection from the burden of discovery at this stage in the case. A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).

In this matter, staying the case while Defendant's motion for judgment on the pleadings is pending could substantially delay the ultimate resolution of the matter, with adverse consequences such as a decrease in evidentiary quality and witness availability. As stated above, the case was initiated more than two years ago in December 2009 and discovery has been stayed for the majority of the litigation. Apparently, only some discovery has taken place since February 2012. *See* docket #171 at ¶ 2.

A party seeking a protective order under Rule 26(c) cannot sustain the burden of demonstrating good cause merely by relying upon speculation or conclusory statements. *Tolbert-Smith v. Bodman*, 253 F.R.D. 2, 4 (D.D.C. 2008). The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection. *Id.*; *see also Exum v. United States Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002). In this matter, Defendant articulates no actual reason for a stay, but merely states that "[t]he Court would act well within its discretion to decide the threshold question of witness immunity prior to permitting further discovery." Docket #183 at ¶ 2. Typically, movants for a stay of proceedings assert a "burden" from the requirements of discovery; however, defendants always are burdened when they are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs. *See Chavez, supra*. Here, there is no evidence of a special burden on the Defendant.

Generally, it is the policy in this district not to stay discovery pending a ruling on dispositive

3

motions. *See Ruampant v. Moynihan,* 2006 U.S. Dist. LEXIS 57304, *4-5 (D. Colo. Aug. 14, 2006). This is particularly true in cases like this one, pending before Judge Blackburn, who instructs the parties that motions having the effect of delaying proceedings "are strongly discouraged because of the adverse effects they have on case management."  REB Practice Standards - Civil Actions, II.F. and G.   Trial dates have been vacated twice in this matter already.  *See* dockets ##117, 163. Moreover, Defendant concedes that the immunity defense applies to the Plaintiff's claim only "in part"; the Court sees no justification for staying the proceedings entirely based upon this partial defense.   Consequently, the general interests of controlling the court's docket and the fair and speedy administration of justice require that the present motion to stay discovery be denied.

**III.    Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion to Stay Discovery Pending Ruling on Defendant's Request for Witness Immunity [filed April 10, 2012; docket #183] is **denied**.

Dated at Denver, Colorado, this 12th day of April, 2012.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge

4