IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02802-REB-MEH

JEREMY C. MYERS,

      Plaintiff,

v.

BRIAN KOOPMAN, in his individual capacity,

      Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Motion to Lift the Order of Protection as to Confidential Informants [filed March 28, 2012; docket #171]. The matter has been referred to this Court for disposition [docket #184]. The motion is fully briefed, the Court has reviewed information *in camera*, and the Court finds that oral argument will not assist in the adjudication of the motion. For the reasons that follow, Plaintiff's motion is **denied**.

I.      **Background**

The Plaintiff instituted this action on December 1, 2009, but filed an Amended Complaint on March 2, 2011 following Judge Blackburn's order resolving various motions for summary judgment filed by the present and former Defendants. *See* dockets ##126, 127. The case arises from an incident that occurred on Plaintiff's property in Loveland, Colorado, on September 6, 2007. Amended Complaint, docket #127 at 1. According to Plaintiff, who brings this action pursuant to 42 U.S.C. § 1983, the Defendant obtained an invalid search warrant, and unlawfully and maliciously prosecuted Plaintiff when Defendant attempted to "rid the community of a large-scale

methamphetamine production facility." *See id.*

On April 13, 2010, this Court entered an order granting in part and denying in part the Defendants' request for a protective order to prohibit from disclosure the identities of two confidential informants who allegedly provided information to the Defendant in support of the search warrant at issue in this case. Specifically, this Court ordered:

> In their initial disclosures, Defendants shall redact or withhold only that information which would reveal the identities of the confidential informants who supplied information on which the challenged search was conducted, but shall disclose all other relevant information in accordance with Fed. R. Civ. P. 26(a). In addition, Defendants shall prepare and provide a privilege log for all redacted information based upon asserted privileges. Following a ruling denying (in whole or in part) the motions to dismiss, the Court will entertain a motion seeking disclosure of the confidential information.

Docket #54 at 6.

In the present motion, Plaintiff argues that release of the confidential informants' identities is essential for the following reasons: (1) he alleges in the Amended Complaint that no such confidential informants actually exist; (2) he seeks ancillary information about the informants that is necessary to test their credibility and that of the Defendant; (3) he intends to depose the informants and will need to serve subpoenas upon them; and (4) he intends to subpoena the informants for trial testimony as well. Moreover, Plaintiff claims that the dispositive motions have been resolved and Defendant's only stated reason for the protective order was to protect the informants from retaliation, which has no basis in fact.

Defendant counters that the confidential informants, in fact, wish to keep their identities confidential for fear of retaliation, even though the "informer's privilege" does not require a showing that retaliation is likely. Defendant asserts that a dispositive motion is pending (its motion for judgment on the pleadings) which may dispose of the matter entirely and render disclosure of the

2

informants' identities moot.  Further, Defendant claims that Plaintiff fails to articulate why Defendant's sworn discovery responses concerning the existence of the informants is insufficient and why he needs to depose or call the informants to testify at trial.  Defendant contends that Plaintiff does not need the informants' identities to challenge the existence of probable cause, since it is not the informants' credibility that is at stake, but rather whether the fact that they gave certain information to the Defendant which, considered together with his own investigation and observations, constituted probable cause.

Plaintiff replies that discovery is a truth finding process, which would be thwarted if a party were to accept an opponent's discovery responses without the ability to test their accuracy.  Thus, the Plaintiff contends that, without the release of the informants' identities, he would be unable to prove or disprove the informants' existence, which is a material issue of fact in this case.  Further, Plaintiff argues that false or misleading statements in an affidavit supporting a search warrant will be excluded when determining probable cause, so evidence of any such statements is relevant. Moreover, Plaintiff states that, in Colorado, issues of an informant's reliability and basis of knowledge are relevant considerations for determining whether probable cause exists.

Upon review of the parties' briefs, the Court determined that it was necessary to order Defendants to provide information *in camera* concerning the confidential informants.  Defendants complied with the order by identifying the informants and the information the informants provided both before and after the execution of the search warrant, which is the subject of this action.  With such information, the Court determined it necessary to, and did, interview the confidential informants *in camera*.

II.     **Discussion**

Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."  Such information must be relevant but "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Here, the question before the Court is whether the informants' identities are "privileged."

In federal courts, federal common law governs the existence of privilege, unless state law supplies the rule of decision as to an element of the claim or defense.  Fed. R. Evid. 501.  Because this case involves claims brought pursuant to 42 U.S.C. § 1983, "federal law provides the governing substantive law."  *Everitt v. Brezzel*, 750 F. Supp. 1063, 1066 (D. Colo. 1990).  Thus, the federal common law of privilege governs in this matter.  *See* Fed. R. Evid. 501 committee note ("In nondiversity jurisdiction civil cases, federal privilege law will generally apply.").

First, Defendants continue to assert that the "official information" privilege precludes disclosure of the confidential informants' identities.  (Docket #177 at 1 (citing *Everett*, 750 F. Supp. 1063).)  In *Everitt*, the court described the federal "official information" privilege as "the government's privilege to prevent the disclosure of information whose disclosure would be contrary to the public interest."  750 F. Supp. at 1066 (quoting *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 342 (E.D. Pa. 1973)).  *But see Crawford v. Dominic*, 469 F. Supp. 260, 264 n. 3 (E.D. Pa. 1979) (recognizing *Frankenhauser* relied on Fed. R. Evid. 509 which has since been repealed and declining to follow *Frankenhauser*'s implication of a blanket rule exempting supervisory evaluations).

However, the Defendants primarily argue that the confidential informants' identities are protected by the "informer's privilege."  (Docket #177 at 2-4.)  According to the Tenth Circuit, the

informer's privilege provides that "the state is normally entitled to refuse to disclose the identity of a person who has furnished information relating to an investigation of a possible violation of law." *In re Matter of Search of 1638 E. 2nd Street, Tulsa*, 993 F.2d 773, 774 (10th Cir. 1993) (quoting *Hoffman v. Reali*, 973 F.2d 980, 987 (1st Cir. 1992)).  The privilege is applicable in both criminal and civil cases.  *Id.* (finding that a criminal suspect, who sought the identities of confidential informants likely to bring civil actions against them, was prevented from discovering the confidential information).

Neither privilege is absolute; "if the party seeking disclosure makes a proper showing of need, the privilege will give way." *Id.*  However, the informer's privilege in civil cases is arguably "stronger" because the constitutional guarantees assured to criminal defendants are not applicable. *See Search of 1638 E. 2nd Street*, 993 F.2d at 775.

Here, the Court finds that the circumstances under which the protective order was originally entered in this case protecting from disclosure the identities of the confidential informants are not much different than the current circumstances.  At that time, motions were pending that could dispose of the case and a motion for judgment on the pleadings is pending today.  Likewise, previously, the informants expressed their fears concerning retaliation, and the informants continue to express such concerns today.  Thus, it is imperative that the Plaintiff make a proper showing of need sufficient to overcome the privilege.

"A [criminal] defendant seeking to force disclosure of an informant's identity has the burden to show the informant's testimony is relevant or essential to the fair determination of defendant's case. In determining whether to require disclosure, a court must balance the public interest in protecting the flow of information against the individual's right to prepare his defense." *United*

*States v. Gordon*, 173 F.3d 761, 767 (10th Cir. 1999) (citing *Roviaro v. United States*, 353 U.S. 53, 62 (1957)).   In   balancing these interests, the court considers the crime charged, the possible defenses, and the significance of the informant's testimony.   *Id.*   "Where it is clear that the informant cannot aid the defense, the government's interest in keeping secret [the informant's] identity must prevail over the defendant's asserted right of disclosure."   *United States v. Sinclair*, 109 F.3d 1527, 1538 (10th Cir. 1997) (quoting *United States v. Martinez*, 979 F.2d 1424, 1429 (10th Cir.1992) (also stating that "[t]o permit the trial court to make the required balancing test ... an *in camera* hearing can be used to determine whether the informant's testimony would lend aid to the defense.")).

Again, the privilege applies in both criminal and civil matters, and is "arguably stronger [in civil cases], because the constitutional guarantees assured to criminal defendants are not applicable." *Matter of Search of 1638 E. 2nd Street, Tulsa*, 993 F.2d at 775.

Plaintiff contends that he "needs" the informants' identities not only to confirm that they exist, but also to depose them concerning the information they provided to Defendant in support of the challenged search warrant, which will be necessary for a "probable cause" analysis.   Defendant counters that the accuracy of the informants' information supplied to Defendant is of no consequence; rather, the question is whether such information, together with Defendant's own investigation and observations, constituted probable cause for the issuance of the search warrant.

Based upon all information provided concerning this matter, the Court finds that the confidential information will not aid the Plaintiff in this case.   First, as was revealed in the original motion concerning the informants, only one of the informants provided information to Defendant that was used in support of the search warrant; the information provided by the other informant came after the fact.   *See* docket #48, ¶¶ 1, 3.   Thus, for purposes of Plaintiff's argument concerning his

need for the confidential informants' identities to challenge "probable cause," the Court considers only the information provided by first informant.

A review of the "Affidavit for a No Knock Search Warrant" (docket #48-1) reveals that the first informant's role in the search of the property was limited. He/she provided Defendant information concerning his/her knowledge of the Plaintiff and another possible participant in the alleged crime, as well as his/her own observations of the property and the surrounding area. It is not apparent that the informant participated in or witnessed the search itself. Rather, it appears that the informant was merely a "tipster" who provided a lead for the police to investigate. *See Gordon*, 173 F.3d at 768 (citing *United States v. Zamora*,784 F.2d 1025, 1030 (10th Cir. 1986) ("if a confidential informant was only a 'tipster,' and not an active participant in the criminal activity charged, disclosure of the informant's identity is not required.")).

Further, Plaintiff asserts that he must have the opportunity to test the credibility of the informants based upon a supposition that the informants *may* have provided false information to the Defendant; however, such assertion is too attenuated to be persuasive. *Id.* (a court need "not require disclosure of an informant's identity based on 'mere speculation'; the informant's testimony must be shown to be valuable to the defendant."). Moreover, even if the informants had provided false information, the Plaintiff need only submit rebuttal evidence to challenge its veracity. Here, the Plaintiff does not argue that he has no method nor ability to present rebuttal evidence, or to challenge any such alleged false information other than to depose the informant.

Nevertheless, to determine the scope of the informants' roles, the Court ordered the Defendant to identify the confidential informants and to provide the information they provided to Detective Koopman to the Court *in camera.* In addition, the Court conducted *in camera*

examinations of the confidential informants.  Based upon its *in camera* review and examinations, and considering the information and arguments proffered by the parties, the Court finds not only that the Plaintiff has failed to make the proper showing of need to overcome the informer's privilege, but also that the confidential information will not aid the Plaintiff in his case.  *See Sinclair*, 109 F.3d at 1538 ("[w]here it is clear that the informant cannot aid the defense, the government's interest in keeping secret [the informant's] identity must prevail over the defendant's asserted right of disclosure.").

Thus, considering the strength of the privilege in this civil matter and the insufficient showing made by the Plaintiff, the Court concludes there is no need to disclose the confidential informants' identities nor any information revealing their identities in this litigation.  The protective order originally entered on April 13, 2010 remains in effect and will govern the discovery in this case insofar as the Defendant shall redact or withhold only that information which would reveal the identities of the confidential informants, but shall disclose all other relevant non-privileged information in accordance with Fed. R. Civ. P. 26(a).  In addition, to the extent necessary, Defendant shall prepare and provide a privilege log for all redacted information based upon asserted privileges.

### III.    Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion to Lift the Order of Protection as to Confidential Informants [filed March 28, 2012; docket #171] is **denied**.  The Clerk of the Court is directed to maintain under Restriction Level 2 those documents found at dockets #189 and #194 until further order of the Court.

Dated at Denver, Colorado, this 21st day of May, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge