IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02802-REB-MEH

JEREMY C. MYERS,

    Plaintiff,

v.

BRIAN KOOPMAN, in his individual capacity,

    Defendant.

**MINUTE ORDER**

**Entered by Michael E. Hegarty, United States Magistrate Judge, on October 9, 2012.**

    The Motion to Quash Subpoena *Duces Tecum* filed by the City of Fort Collins, Fort Collins Police Services [filed September 10, 2012; docket #226] is **granted** for Plaintiff's failure to comply with D.C. Colo. LCivR 45.1, which requires that subpoenas are served at least 48 hours in advance of the time set for appearance in the subpoena.[1] Furthermore, Plaintiff fails to comply with Fed. R. Civ. P. 45(a)(1)(A)(iv), which requires that every subpoena "set out the text of Rule 45(c) and (d)." The two-page subpoena attached to the present motion states only the following incomplete sentence, "The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena." Therefore, the subpoena reflected in docket #226-1 is quashed.

---

[1] The Court notes that the Certificate of Service included in the subpoena reflects service by email upon defense counsel, which the Court assumes (without deciding) satisfies the notice requirement of Fed. R. Civ. P. 45(b)(1). The Certificate also reflects service "by facsimile" upon the "Larimer County Drug Task Force," which is the addressee of the subpoena; however, "[a] subpoena under Rule 45 is not properly served by email or fax." *S.E.C. v. Art Intellect, Inc.*, No 2:11-cv-00357-TC-DN, 2012 WL 776244, at *3 (D. Utah Mar. 7, 2012) (citing *Bank of Oklahoma, N.A. v. Arnold*, No. 06-543, 2008 WL 482860, at *3 (N.D. Okla. Feb. 20, 2008) ("the Court declines the government's invitation to interpret Rule 45(b)(1) so broadly as to allow service of a subpoena by email or facsimile in this case.")).