## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Case No.  09-cv-02802-REB-MEH

JEREMY C. MYERS,

      Plaintiffs,

v.

BRIAN KOOPMAN, Detective in the Loveland, Colorado Police department, in his individual capacity,

      Defendants.

---

## ORDER GRANTING DEFENDANT'S MOTION
## FOR JUDGMENT ON THE PLEADINGS

---

**Blackburn, J.**

      This matter is before me on the **Defendants' Motion For Judgment on the Pleadings [#169]**[1] filed March 8, 2012.  The plaintiff filed a response [#170], and the defendant filed a reply[#179].  I grant the motion.

### I.  JURISDICTION

      I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question).

### II.  STANDARD OF REVIEW

      The defendant seeks entry of judgment in his favor under FED. R. CIV. P. 12(c). A motion for judgment on the pleadings is evaluated under the same standard as a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6).  ***Jacobsen v. Deseret Book Co.***, 287 F.3d 936, 941 n. 2 (10th Cir. 2002).

---

[1]   "[#169]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

In considering a motion under Fed. R. Civ. P. 12(b)(6), I must determine whether the allegations in the complaint are sufficient to state a claim within the meaning of Fed. R. Civ. P. 8(a).  I must accept all well-pleaded allegations of the complaint as true. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993); *see also Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), *cert. denied*, 538 U.S. 999 (2003).  I review the challenged portion of a complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009).  "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.* (emphases in original).[2]  Nevertheless,

---

[2]  *Twombly* rejected and supplanted the "no set of facts" language of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  The Tenth Circuit clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect

the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1965) (internal quotation marks omitted).

## III.  FACTUAL ALLEGATIONS

The operative complaint is the **Plaintiff's Amended Complaint and Jury Demand** [#127] filed March 2, 2011.  In his complaint, the plaintiff, Jeremy Myers, asserts a claim under the Fourth and Fourteenth Amendments which he labels as a claim for malicious prosecution.  The defendant is Brian Koopman, a detective with the Loveland Police Department.  Myers alleges that on September 5, 2007, Koopman executed an affidavit in support of a no knock search warrant which later was executed at a property which had been occupied by Myers.  Myers alleges that Koopman "maliciously, intentionally and/or recklessly made false and misleading statements" in the affidavit. *Plaintiff's Amended Complaint and Jury Demand* [#127], ¶ 14.  Allegedly, Koopman's false and misleading statements in the warrant affidavit included a representation that "an unnamed confidential informant indicated that a methamphetamine lab existed in the attic" of a building occupied by Myers, and that various other facts indicative of a methamphetamine lab existed on the premises. *Id.*, ¶

---

of success, but also to inform the defendants of the actual grounds of the claim against them.  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1974; internal citations and footnote omitted).

14 (A) through (M).  Myers alleges that Koopman knew that "the information given by his confidential informant . . was false."  *Id.*, ¶ 41(a).  Koopman allegedly had two video surveillance cameras installed to monitor Meyer's property.  Myers alleges that one camera was installed in late May 2007 and the other was installed in mid-August 2007. *Id.*  ¶¶ 12, 13.  According to Myers, the information captured by those cameras was inconsistent with much of the information contained in Koopman's affidavit.  *Id.*, ¶ 15.

According to Myers, on September 5, 2007, Koopman obtained a no-knock search warrant for Myers' property based on the allegedly false and malicious statements in Koopman's affidavit. On Thursday, September 6, 2007, members of the Larimer County Drug Task Force along with the Larimer County and Loveland SWAT teams executed the no-knock warrant at Myers' property.  At the time of the search, seven field tests were conducted on suspected drugs found in the course of the search, and each test showed a false positive for the presence of an illegal drug.  Myers alleges that Koopman "fabricated the results maliciously or the [test] strips were intentionally and/or improperly used to achieve a malicious pre-determined goal."  *Id.*, ¶ 37(h).  After the search was completed, Koopman allegedly prepared or endorsed an affidavit in support of a warrant for the arrest of Myers.  *Id.*, ¶ 34.  The affidavit allegedly contained false statements to support the issuance of an arrest warrant, and Koopman allegedly "acted maliciously, recklessly, knowingly, intentionally, willfully and wantonly" in preparing or endorsing the affidavit.

When Myers learned of the arrest warrant, Myers' attorney contacted Koopman and arranged for Myers to appear at the Loveland Police Department to surrender, post bond, and be released.  When Myers appeared on Friday, September 7, 2007,

Koopman told the officer on duty that Myers could not post bond because Koopman was filing additional charges.  Myers was taken into custody and was detained in the Larimer County Detention Center until Monday, September 10, 2007.  Criminal charges were filed against Myers, and hearings were held in his criminal case between September 10, 2007, and November 15, 2007.  Ultimately, testing conducted by the Colorado Bureau of Investigation demonstrated that no controlled substances were recovered from Myers' property or from the neighboring buildings that were searched on September 6, 2007.  On November 15, 2007, the district attorney dismissed all charges against Myers.

## IV.  ANALYSIS

As applicable to a claim under § 1983, the elements of a malicious prosecution claim include:

> (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) there was no probable cause to support the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages.

*Novitsky v. City Of Aurora*, 491 F.3d 1244, 1258 (10th Cir. 2007).  In the context of a § 1983 claim, however, a plaintiff also must establish the violation of one or more constitutional rights.  *See Mondragón v. Thompson*, 519 F.3d 1078, 1082 (2008) (§ 1983 claim for malicious prosecution ultimately must rest on the Constitution and not on common law).  The defendant argues that the Myers' allegations are not sufficient to state a claim on which relief may be granted under either the Fourth Amendment or the Fourteenth Amendment.

### A.  Fourth Amendment

5

In ***Becker v. Kroll***, 494 F.3d 904 (10th Cir. 2007), the United States Court of Appeals for the Tenth Circuit parsed the differences between a claim in the nature of malicious prosecution under the Fourth Amendment and such a claim under the Fourteenth Amendment.  In ***Becker***, the plaintiff, a physician, became the target of a Medicaid fraud investigation.  After administrative proceedings and the filing and withdrawal of a civil suit by the Utah Medicaid Fraud Control Unit (MFCU), felony charges were filed against Becker.  The criminal charges alleged essentially that Becker improperly billed the state Medicaid program.  The charges were dismissed about nine months after they were filed.  Becker never was arrested or held in custody on the charges.

After the charges were dismissed, Becker filed a civil suit asserting claims under the Fourth Amendment and under the Due Process Clause of the Fourteenth Amendment.  Becker alleged that the MFCU had charged her falsely with Medicaid fraud as part of a scheme to charge innocent physicians in rural areas with Medicaid fraud to increase fraud recoveries for the MFCU.  The Tenth Circuit concluded that Becker had not stated a claim for relief under the Fourth Amendment because Becker never was arrested, and she did not allege that any specific restrictions were placed on her freedom of movement after the criminal charges were filed.  ***Id***. at 916. "Violation of the Fourth Amendment requires an intentional acquisition of physical control." ***Id***. at 914 (quoting ***Brower v. County of Inyo***, 489 U.S. 593, 596 (1989)).

> While the consequences of unfounded criminal charges are surely grave, the Fourth Amendment adequately covers constitutional interests in the pre-trial exercise of government control over a person or property. A groundless charging decision may abuse the criminal process, but it does not, in and of itself, violate the Fourth Amendment absent a significant

restriction on liberty.
*Id*. at 915.

After his arrest, Myers was detained in the Larimer County Jail for about three days.  No doubt, this detention constitutes an intentional acquisition of physical control.  Koopman argues that any claim based on this three day detention should be seen as a Fourth Amendment false imprisonment claim, which is time barred.

According to the complaint, following Myers' release on September 10, 2007, there was no intentional acquisition of physical control over Myers that can form the basis of a Fourth Amendment claim.  Myers has not alleged that he was under any restraint on his liberty, caused or imposed by Koopman, following his release on September 10, 2007.  Myers does allege that he was on bond following his release, but he does not describe specifically the conditions of his bond.  Generally, conditions of bond do not constitute a seizure of a person sufficient to support a Fourth Amendment claim.  *Becker*, 494 F.3d at 915 - 916.  Assuming the allegations in Myers' complaint to be true, the facts alleged in the complaint do not support a Fourth Amendment claim based on events occurring after September 10, 2007, the date of Myers' release.

A two year statute of limitations is applicable to Myers' § 1983 claims, including his Fourth Amendment claim.  Claims under § 1983 are governed by the forum state's statute of limitations for personal injury actions.  *Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993).  When, as in Colorado, state law provides multiple statutes of limitations for personal injury actions, the general or residual statute is applicable.  *Wilson*, 471 U.S. at 280; *Blake*, 997 F.2d at 750.  The residual statute in Colorado provides a two-year statute of limitations.  §13-80-102(1)(j),

C.R.S.

In ***Mondragón v. Thompson***, the plaintiff, Christopher Mondragón, alleged that the defendant concocted and forged a warrant for Mondragón's arrest.  Based on the warrant, Mondragón was jailed for approximately three months.  Addressing Mondragón's claims, the Tenth Circuit concluded:

> (A) plaintiff who claims that the government has unconstitutionally imprisoned him has at least two potential constitutional claims. "The initial seizure is governed by the Fourth Amendment, but at some point after arrest, and certainly by the time of trial, constitutional analysis shifts to the Due Process Clause." ***Pierce v. Gilchrist***, 359 F.3d 1279, 1285 - 86 (10th Cir.2004). If he has been imprisoned without legal process he has a claim under the Fourth Amendment analogous to a tort claim for false arrest or false imprisonment. If he has been imprisoned pursuant to legal but wrongful process, he has a claim under the procedural component of the Fourteenth Amendment's Due Process Clause analogous to a tort claim for malicious prosecution. These torts are only analogies because § 1983 suits ultimately rest on the Constitution, not on state (or federal) common law. ***Pierce***, 359 F.3d at 1285 - 88.

***Mondragón v. Thompson***, 519 F.3d 1078, 1082 (10th Cir. 2008) (footnote omitted).

For the purpose of determining the accrual date of a Fourth Amendment claim in these circumstances, the ***Mondragón*** court concluded:

> The false imprisonment ends for these purposes either when the victim is released or when the victim's imprisonment becomes "pursuant to [legal] process - when, for example, he is bound over by a magistrate or arraigned on charges." Thus, either the date of release or the date of sufficient legal process starts the statute of limitations running for the Fourth Amendment claim.

***Mondragón v. Thompson***, 519 F.3d 1078, 1082-83 (10th Cir. 2008) (***quoting Wallace v. Kato***, 549 U.S. 384, 389 (2007) (emphasis omitted)).

According to Myers, Koopman intentionally fabricated a false factual basis for an arrest warrant for Myers.  Based on that warrant, Myers was jailed on September 7, 2007, and was released on September 10, 2007.  For the purpose of Myers' Fourth Amendment claim, in the nature of false imprisonment, Myers' claim against Koopman

accrued on the date of Myers' release, September 10, 2007.  Myers' initial complaint in

this case, first filed in state court, was filed on November 5, 2009, more than two years

after Myers' Fourth Amendment claim accrued.  Myers' Fourth Amendment claim is time

barred.  On Myers' Fourth Amendment claim, Koopman is entitled to judgment on the

pleadings.

### B.  Fourteenth Amendment

According to Koopman, the facts alleged in the complaint do not support a

procedural due process claim under the Fourteenth Amendment.  Koopman relies

primarily on the definition of such claims as stated by the Tenth Circuit in *Becker*.  The

*Becker* court considered the limits of a procedural due process claim under the

Fourteenth Amendment, based on the Becker's allegations that she had been subjected

to unwarranted investigation and criminal prosecution.  The court considered this

possible claim in the context of (a) a liberty interest in being free from unwarranted

investigation and prosecution without probable cause; and (b) a property interest in the

integrity of the plaintiff's medical and billing records, which had been examined by

authorities.  The court assumed that "a procedural due process analysis [applied] to

Becker's case . . . ."  *Id*. at 920.  Further, the court acknowledged that "the Fourteenth

Amendment's protections encompass harms to liberty outside the scope of the Fourth

Amendment's concern with freedom from restraint, such as harm to reputation resulting

from some tangible injury, from which a plaintiff in Becker's circumstances may indeed

suffer."  *Id*.

Even though Becker potentially had a constitutionally protected liberty interest at

stake, the *Becker* court concluded that Becker did not have a viable procedural due

process claim under the Fourteenth Amendment.  "(E)ven if Becker did suffer such injuries other than physical restraint, procedural due process only protects against [such injuries] by providing an adequate post-deprivation hearing in which the injured party may vindicate these interests." *Id*. (citation omitted).

> The Supreme Court has held that where pre-deprivation remedies cannot anticipate and prevent a state actor's wrongful act, post-deprivation state tort remedies are adequate to satisfy due process requirements. ***Parratt v. Taylor,*** 451 U.S. 527, 535 - 44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (holding state could not anticipate employee's negligence); ***see also Hudson v. Palmer,*** 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (extending ***Parratt's*** logic to intentional torts). In his ***Albright*** concurrence, Justice Kennedy argued that in § 1983 malicious prosecution cases, a "state actor's random and unauthorized deprivation of [Fourteenth Amendment due process interests] cannot be challenged under 42 U.S.C. § 1983 so long as the State provides an adequate post deprivation remedy." [***Albright v. Oliver,***] 510 U.S. [266,] at 284, 114 S.Ct. 807 (Kennedy, J., concurring). As he explained, "In the ordinary case where an injury has been caused ... by a random and unauthorized act that can be remedied by state law, there is no basis for intervention under § 1983, at least in a suit based on 'the Due Process Clause of the Fourteenth Amendment.'" *Id*. at 285, 114 S.Ct. 807 (quoting ***Parratt***, 451 U.S. at 536, 101 S.Ct. 1908); see also ***Nieves*** [***v. McSweeney***], 241 F.3d [46], at 53 [(1st Cir. 2001)] (rejecting procedural due process claim under § 1983 for malicious prosecution because state provides adequate tort remedy); ***Newsome v. McCabe***, 256 F.3d 747, 751 (7th Cir.2001) (holding state tort remedy "knocks out any constitutional tort of malicious prosecution" based on due process).

*Becker v. Kroll*, 494 F.3d 904, 921 (10th Cir. 2007).

Koopman's alleged actions of fabricating facts to create an illusion of probable cause for the search warrant and the arrest warrant are the type of unauthorized actions that cannot be anticipated and prevented by pre-deprivation remedies.  Rather, as a practical matter, such actions can be remedied only by post-deprivation remedies, such as an action for malicious prosecution.  Colorado recognizes the tort of malicious prosecution. ***See, e.g., Hewitt v. Rice***, 154 P.3d 408, 411 (Colo. 2007).   The elements

of this claim under Colorado law are (1) the defendant contributed to bringing a prior

action against the plaintiff; (2) the prior action ended in favor of the plaintiff; (3) no

probable cause; (4) malice; and (5) damages.  *Id*.  This state tort remedy is adequate to

satisfy the procedural due process requirements of the Fourteenth Amendment as those

requirements apply to Myers' allegations against Koopman.  Under ***Becker***, the

existence of this post-deprivation state tort remedy precludes Myers from asserting a

malicious prosecution claim against Koopman under the Fourteenth Amendment. Thus,

on Myers' Fourteenth Amendment malicious prosecution claim, Koopman is entitled to

judgment on the pleadings.

### C.  Collateral Estoppel & Reconsideration

Previously, I concluded that the allegations in Myers' amended complaint [#127]

were sufficient to state "a viable procedural due process claim under the Fourteenth

Amendment."  **Order Concerning Defendants' Motion To Dismiss** [#140] filed June

17, 2011, p. 10.  Addressing the issues raised in the defendants' motion to dismiss

[#128], I examined the defendants' argument that Myers had not stated a Fourteenth

Amendment malicious prosecution claim because all charges against Myers were

dismissed before Myers was tried on those charges.  In once sentence, the defendants

claim that the existence of an adequate state post-deprivation remedy defeats a

Fourteenth Amendment malicious prosecution claim.  *Motion to dismiss* [#128], p. 5.  I

did not address this contention in my order [#140].

The plaintiff argues that collateral estoppel, or issue preclusion, applies to my

previous conclusion that the plaintiff has stated a viable Fourteenth Amendment claim.

However, one element of collateral estoppel is a final adjudication on the merits.  ***Moss***

*v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009).  My previous order [#140] does not

constitute a final adjudication of the merits of Myers' Fourteenth Amendment claim.

Thus, collateral estoppel does not bar consideration of the issues raised in the

defendants' present motion for judgment on the pleadings.

The plaintiff argues also that it is not proper to reconsider my previous order

[#140] concerning the Fourteenth Amendment claim.  In that order, I did not consider

whether the existence of an adequate state post-deprivation remedy had an effect on

Myers' Fourteenth Amendment claim.  In that sense, the present order does not

constitute a reconsideration of my previous order [#140].  Second, even if this order

does constitute a reconsideration, it is appropriate.

> Grounds warranting a motion to reconsider include (1) an intervening
> change in the controlling law, (2) new evidence previously unavailable,
> and (3) the need to correct clear error or prevent manifest injustice.  Thus,
> a motion for reconsideration is appropriate where the court has
> misapprehended the facts, a party's position, or the controlling law.  It is
> not appropriate to revisit issues already addressed or advance arguments
> that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations

omitted).  In my previous order [#140], I did not consider the holdings in *Becker*,

including the holding concerning the effect of an adequate state post-deprivation

remedy on a Fourteenth Amendment malicious prosecution claim.  To that extent, I

misapprehended the controlling law.  Thus, reconsideration is appropriate.

## V.  CONCLUSION & ORDERS

Myers' initial complaint in this case was filed on November 5, 2009, more than

two years after Myers' Fourth Amendment claim accrued.  Thus, Myers' Fourth

Amendment claim is time barred.  Colorado recognizes a claim of malicious

prosecution.  Under *Becker*, the existence of this post-deprivation state tort remedy

precludes Myers from asserting a malicious prosecution claim against Koopman under the Fourteenth Amendment.  Therefore, Koopman is entitled to judgment on the pleadings on Myers' claims under the Fourth Amendment and the Fourteenth Amendment.

      **THEREFORE, IT IS ORDERED** as follows:

      1.  That the **Defendants' Motion For Judgment on the** Pleadings [#169] filed March 8, 2012, is **GRANTED**;

      2.  That under FED. R. CIV. P. 12(c), the plaintiff's claims under the Fourth Amendment and the Fourteenth Amendment are **DISMISSED**;

      3.  That **JUDGMENT SHALL ENTER** in favor of the defendant Brian Koopman against the plaintiff Jeremy C. Myers;

      4.  That the defendant is **AWARDED** his costs to be taxed by the clerk of the court under FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1;

      5.  That the **Defendant's Motion for Summary Judgment** [#230] filed September 24, 2012, and the **Defendant's Motion In Limine** [#236] filed October 25, 2012, both are **DENIED** as moot; and

      6.  That the Trial preparation Conference set for November 16, 2012, at 3:00 p.m., the final pretrial conference set for November 19, 2012, at 9:30 a.m., and the jury trial set to begin November 26, 2012, at 8:30 a.m, are **VACATED**.

      Dated November 8, 2012, at Denver, Colorado.

                        **BY THE COURT:**

                        Bob Blackburn

                        Robert E. Blackburn

                        United States District Judge