**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-02802-REB-MEH

JEREMY C. MYERS,

    Plaintiffs,

v.

BRIAN KOOPMAN, Detective in the Loveland, Colorado Police department, in his individual capacity,

    Defendants.

**ORDER GRANTING MOTION FOR REVIEW OF TAXATION OF COSTS**

**Blackburn, J.**

The matter before me is the **Defendant's Motion for Review of Clerk's Taxation of Costs** [#248][1] filed November 27, 2012.  The plaintiff filed a response [#250], and the defendant filed a reply [#254].  I grant the motion.

Allowable costs are delineated by 28 U.S.C. § 1920.  The burden is on the prevailing party to establish that the expenses it seeks to have taxed as costs are authorized by § 1920.  ***English v. Colorado Department of Corrections***, 248 F.3d 1002, 1013 (10th Cir. 2001); ***Griffith v. Mt. Carmel Medical Center***, 157 F.R.D. 499, 502 (D. Kan. 1994).  Expenses not specifically authorized by the statute are not recoverable as costs.  ***Crawford Fitting Co. v. J.T. Gibbons, Inc.***, 482 U.S. 437, 441-42 (1987); ***Bee v. Greaves***, 910 F.2d 686, 690 (10th Cir. 1990).  Moreover, even

---

[1] "[#248]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

where costs are allowed by statute, the prevailing party still must demonstrate that the amount requested is reasonable. **See** *U.S. Industries, Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988), **overruled on other grounds as recognized by** *Anixter v. Home-Stake Products Co.,* 77 F.3d 1215, 1231 (10th Cir. 1996).

The defendant is the prevailing party in this case. Addressing the defendant's **Bill of Costs** [#246] filed November 16, 2012, the clerk of the court disallowed costs incurred for preparation of deposition transcripts obtained for use in the case ($2,711.40), appearance and mileage fees for deposition witnesses ($184.30), and the cost of serving a deposition subpoena on a witness ($25.00). The clerk declined to award these amounts as costs on the ground that they were not necessarily obtained for use in the case because they were not utilized in connection with defendant's successful motion for judgment on the pleadings. **Bill of Costs** [#247] filed November 21, 2012.

Although the clerk's standard may be "narrower than section 1920" requires, it is not necessarily an abuse of discretion to employ such a measure of costs. *Merrick v. Northern Natural Gas Co., Division of Enron Corp.*, 911 F.2d 426, 434 (10th Cir. 1990); *Hernandez v. George*, 793 F.2d 264, 268-69 (10th Cir. 1986). Moreover, "[t]he most direct evidence of 'necessity' is the actual use of materials obtained by counsel or by the court." *U.S. Industries, Inc.*, 854 F.2d at 1246. On the other hand, actual use in a motion presented to the court does not define the absolute outer limit of necessary costs. *See Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1205 (10th Cir. 2000) ("[I]t would be inequitable to essentially penalize a party who happens to prevail on a

dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case.") (quoting *Callicrate v. Farmland Industries, Inc.*, 139 F.3d 1336, 1341 (10th Cir. 1998)).

This case was resolved on a motion for judgment on the pleadings. While that motion was pending, the defendant reasonably made efforts to depose the parties, the expert witnesses designated by the plaintiff, and other witnesses tied to this case. Ultimately, the information obtained in those depositions was not used in the motion that led to the resolution of this case. Still, given the circumstances at the time the defendant took the depositions in question, those depositions were reasonably necessary for use in the case. Given these circumstances, I find and conclude that the costs incurred by the defendant for preparation of deposition transcripts, for appearance and mileage fees for deposition witnesses, and for service of a deposition subpoena on a witness all are within the costs taxable under § 1920.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendant's Motion for Review of Clerk's Taxation of Costs** [#248] filed November 27, 2012, is **GRANTED**;

2. That in addition to the costs awarded by the clerk in the **Bill of Costs** [#247], the defendant is **AWARDED** additional costs in the total amount of $2,920.70, which is comprised of:

   a. $2,711.40 for preparation of deposition transcripts obtained for use in the case;

      b. $184.30 for appearance and mileage fees for deposition witnesses;

        and

      c. $25.00 for service of a deposition subpoena on a witness.

Dated September 3, 2013, at Denver, Colorado.

**BY THE COURT:**

*[signature: Bob Blackburn]*

Robert E. Blackburn
United States District Judge